# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SEAN C. SOWARDS,
     Plaintiff,

     vs

JOSEPH TANISINO, et al.,
     Defendants.

Case No. 1:20-cv-88

McFarland, J.
Bowman, M.J.

**REPORT AND
RECOMMENDATION**

On January 31, 2020, plaintiff initiated this prisoner civil rights action by filing a "complaint." (Doc. 1). However, the documents included in plaintiff's filing included the first four pages of a complaint form used in this Court and a Columbus Bar Association Grievance Form. No filing fee, motion for leave to proceed *in forma pauperis*, summons forms, or service copies were submitted with plaintiff's filing.

On February 26, 2020, the undersigned issued a Deficiency Order requiring plaintiff to pay the full $400 filing fee or to submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) for the preceding six-month period, and to submit service copies of the complaint and completed summons and United States Marshal forms for the named defendants within thirty (30) days. (Doc. 2, at PageID 10). Plaintiff was further ordered to submit a complaint form with a service copy of the complaint, a summons form, and a United States Marshal form for each of the defendants named in this lawsuit within thirty (30) days. (Doc. 2, at PageID 11). Plaintiff was warned that failure to comply with the Order would result in the dismissal of his case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). (Doc. 2, at PageID 11).

More than thirty days have passed since the Court entered its Deficiency Order. Although plaintiff partially complied by submitting a certified copy of his trust fund account

statement, plaintiff has failed to otherwise comply with the Deficiency Order or to indicate his intention to continue with this action.[1]

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's June 11, 2018 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

<u>s/Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge

---

[1]In any event, this lawsuit appears to be duplicative of the action plaintiff filed in Case No. 1:20-cv-97 (McFarland, J; Litkovitz, M.J.) (S.D. Ohio), in which a Report and Recommendation is pending recommending dismissing plaintiff's complaint for failure to state a claim upon which relief may be granted.

SEAN C. SOWARDS,                                     Case No. 1:20-cv-88
          Plaintiff,

                                                     McFarland, J.
          vs                                         Bowman, M.J.

JOSEPH TANISINO, et al.,
          Defendants.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).